**Sindi SCHEINBERG, Plaintiff—Appellant,**

v.

**ADIDAS AMERICA, INC., a Delaware corporation, Defendant—Appellee.**

No. 03–35569.
D.C. No. CV–02–01230–JAR.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 6, 2004.

Decided Jan. 12, 2005.

Richard C. Busse, Busse & Hunt, Portland, OR, for Plaintiff–Appellant.

Scott N. Hunt, Matthew B. Duckworth, Esq., Busse and Hunt, Timothy R. Volpert, Davis, Wright, Tremaine, Portland, OR, for Defendant–Appellee.

Before T.G. NELSON, RAWLINSON, Circuit Judges, and SCHWARZER,* District Judge.

## MEMORANDUM**

Sindi Scheinberg appeals the district court's grant of summary judgment to her former employer, Adidas America, Inc. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

 The district court properly granted summary judgment on Scheinberg's defamation claim.[1] Scheinberg did not meet her burden of showing that Adidas waived the privilege that applies to its employee's statement that Scheinberg engaged in "clear expense report falsification."[2] Adidas' investigation produced two reasonable grounds to believe in the truth of the statement: (1) the pattern of questionable expense reports submitted by Scheinberg and (2) the warnings given to Scheinberg about her expense reports.[3] Scheinberg did not show that an improper purpose motivated the statement.[4] Although her briefing is replete with allegations of discriminatory animus on the part of her supervisor, Scheinberg introduced nothing to suggest that the alleged defamer shared that animus or was in any way motivated to further it. To the contrary, she conceded that she had no knowledge of discrimination on the part of the alleged defamer and that he had intervened on her behalf previously. Thus, this case differs dramatically from those in which plaintiffs have demonstrated an improper motive on the part of the alleged defamer.[5] Scheinberg has introduced nothing to suggest that the alleged defamer had an improper motive.

 We affirm the district court's grant of summary judgment on Scheinberg's discrimination claims because we conclude, as did the district court, that Scheinberg did not advance sufficient evidence to establish a prima facie case.[6] Specifically, Schein-

---

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Before this court, Scheinberg attempts to assert a second defamation claim based on an employee's statement that she had double-billed meals. However, she did not raise this claim before the district court. Accordingly, we deem it waived. See World Wide Video of Washington, Inc. v. City of Spokane, 368 F.3d 1186, 1198 n. 13 (9th Cir.2004). We note, however, that if we were to consider it, we would still affirm. The record clearly shows that Scheinberg and another employee billed for the same meals, though they did not submit the same receipts. Thus, the statement that they double-billed was true.

2. See Walsh v. Consolidated Freightways, Inc., 278 Or. 347, 563 P.2d 1205, 1211 (1977).

3. See Benassi v. Georgia–Pacific, 62 Or.App. 698, 662 P.2d 760, 763, as modified by 63 Or.App. 672, 667 P.2d 532 (1983) (holding, under opposite facts, that utter lack of investigation and known unreliability of evidence precluded finding that reasonable belief in truth of statement existed).

4. See Wallulis v. Dymowski, 323 Or. 337, 918 P.2d 755, 762 n. 7 (1996).

5. See id. (noting that Plaintiff had demonstrated improper motive by showing that the alleged defamer verbally threatened Plaintiff and communicated those threats to others on several occasions); cf. Muresan v. Philadelphia Romanian Pentecostal Church, 154 Or. App. 465, 962 P.2d 711, 715 (1998) (upholding jury finding that improper motive was behind defamer's statements because evidence showed that the defamer had a personal grudge against the plaintiff).

6. See Godwin v. Hunt Wesson, Inc., 150 F.3d 1217, 1220 (9th Cir.1998) (setting forth elements of prima facie case).

berg did not advance any evidence to satisfy the second requirement, that she was performing according to her employer's legitimate expectations.[7] The evidence Scheinberg cites, including electronic mail between her supervisors and the only performance review she received while in the position from which she was fired, actually illustrate that she was not meeting expectations. In the electronic mail, her superiors discussed replacing and demoting her; in the performance review, she received ratings showing that she needed external support and was not meeting expectations. Moreover, events that occurred after the performance evaluation and the electronic mail correspondence further undermine her argument. In short, Scheinberg has pointed to nothing that suggests she was meeting her employer's reasonable expectations.[8] Accordingly, she did not establish a prima facie case of discrimination and the district court properly granted summary judgment to Adidas.

AFFIRMED.